IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Rahman Ashiru, | C/A. No. 3:16-2539-CMC-SVH |
| Plaintiff | |
| v. | |
| J.A. White & Associates, Inc. and Jeffrey A. White individually, | Opinion and Order |
| Defendants. | |

This matter is before the court on Plaintiff's *pro se* complaint, alleging breach of contract and other claims against J.A. White & Associates, Inc., and Jeffrey A. White (collectively, "Defendants"). ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Shiva V. Hodges for pre-trial proceedings. By Orders filed July 29, 2016, and August 23, 2016, the Magistrate Judge gave Plaintiff two opportunities to provide the necessary information and paperwork to bring the complaint into proper form for evaluation and possible service of process. ECF Nos. 10, 15. Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Orders would subject the complaint to dismissal. Plaintiff did not submit the information and documents necessary to bring this case into proper form.

On September 22, 2016, the Magistrate Judge filed a Report and Recommendation ("Report") recommending that this case be dismissed for failure to prosecute. ECF No. 20. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff has not brought the case into proper form or filed objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Matthews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

Plaintiff has failed to provide the necessary information and therefore has failed to comply with orders of this court. After reviewing the record of this matter, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court agrees with the conclusion of the Report that Plaintiff has failed to prosecute his action and dismissal is proper pursuant to Rule 41(b). Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order. This case is **dismissed *without prejudice*** pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
October 17, 2016